# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Senior Airman LEEROY PENA**
**United States Air Force**

**ACM S32215**

**4 March 2015**

Sentence adjudged 19 December 2013 by SPCM convened at Ramstein Air Base, Germany. Military Judge: Dawn R. Eflein.

Approved Sentence: Bad-conduct discharge and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

WEBER, Judge:

A special court-martial convicted the appellant, pursuant to his pleas, of two specifications of false official statements and one specification of graft, in violation of Articles 107 and 134, UCMJ, 10 U.S.C. §§ 907, 934. A panel of officer members sentenced the appellant to a bad-conduct discharge, forfeiture of $200 pay per month for 5 months, and reduction to E-1. The convening authority disapproved the forfeitures but otherwise approved the sentence as adjudged.

The appellant's sole assignment of error requests relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), because the Government violated the 30-day standard to forward the record of trial to this court. We affirm the findings and sentence.

*Background*

The appellant worked in the vehicle registration section at Ramstein Air Base. His duties required him to process paperwork from base personnel to register vehicles. Regulations required drivers to pass a safety and mechanical inspection before registration would be issued. The appellant falsified registration forms numerous times for his own profit. He would learn of people whose cars were not able to pass an inspection and who were unable or unwilling to pay for the necessary repairs. A fellow culprit helped pass some of this information to him. The appellant would approach those people and advise them he knew someone who would either inexpensively complete the repairs or just approve the inspection for a small fee. In actuality, the appellant would falsify the documents himself to make it appear the cars had passed their inspections. When the appellant's misconduct was discovered, he falsely told an investigator that his actions merely involved referring people to an unnamed off-base inspector who would pass vehicles through inspection for a fee. He also lied by saying he never accepted money from anyone in exchange for passing vehicles for inspection.

*Post-Trial Processing Delay*

In *United States v. Moreno*, our superior court established guidelines that trigger a presumption of unreasonable delay, including where the record of trial is not docketed with the service court within 30 days of the convening authority's action. 63 M.J. 129, 142 (C.A.A.F. 2006). In addition to any due process concerns caused by unreasonable post-trial delay, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers the service appellate courts to grant sentence relief for excessive post-trial delay without a showing of actual prejudice. *Tardif*, 57 M.J. at 224.

The appellant's court-martial concluded on 19 December 2013. The convening authority took action on 7 February 2014, easily within the 120-day standard established by *Moreno* for this stage. *Moreno*, 63 M.J. at 142. The appellant's case was docketed with this court on 13 March 2014, 34 days after action. The appellant does not allege that he suffered any prejudice as a result of this delay in docketing the record of trial with this court, and we find none. Rather, the appellant asserts *Tardif* relief is warranted due to unreasonable post-trial delay. As "modest relief" to address this delay, he asks us to set aside his bad-conduct discharge.

We are cognizant of our broad authority to grant relief for post-trial delay even in the absence of a showing of prejudice, but we decline to exercise that authority in this case. Utilizing the factors outlined by our Navy and Marine Corps colleagues in

*United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), we find granting sentencing relief is not appropriate. In particular, especially given the overall timeliness of post-trial processing at the installation level, we see no evidence that the short delay in this one stage of the case demonstrates evidence of bad faith or gross negligence.[*]

## *Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[*] The appellant's brief asks for relief in part "to send a clear message to the 17th Training Wing." The 17th Training Wing did not process this case. We have seen similar cut-and-paste errors in more than one brief from the Appellate Defense Division in recent months. We advise counsel to lend more attention to their briefs.